Hope E. LOMAX, Administratrix of the
Estate of Mary Elizabeth Brunkow,
Deceased, Plaintiff,

v.

Martin C. DUCHOW and Robert Duchow,
Defendants.

Civ. No. 172L.

United States District Court
D. Nebraska.

Aug. 22, 1958.

Thomas J. McManus, Lincoln, Neb., for plaintiff.

Warren K. Urbom, Baylor, Evnen & Baylor, Lincoln, Neb., for defendants.

VAN PELT, District Judge.

This action was filed July 14, 1958 in the District Court of Lancaster County, Nebraska, by plaintiff, to recover from defendants the sum of $5,539.02 as damages arising from the alleged wrongful death of plaintiff's decedent on March 7, 1958. Summons was issued for and served upon defendants on July 14th.

On August 2, 1958, a petition alleging the requisite diversity of citizenship and bond for removal were filed in this court and the removal has been properly perfected, if the case is removable.

On July 25, 1958, Public Law 85–554 was signed and went into effect. This law amended Title 28 U.S.C.A. § 1332, and as a result the jurisdictional amount in controversy, which in 1911 was raised from $2,000 to $3,000, has now been increased to $10,000. Section 3 of that Act provides:

> "This Act shall apply only in the case of actions commenced after the date of the enactment of this Act."

A United States District Court is required on its own motion to notice and determine Federal Jurisdiction of a removal case. Barron and Holtzoff § 109.

The issue to be determined is whether this suit, which admittedly could not have been filed in this Court by plaintiff on August 2, 1958, is properly here on removal.

An analysis of the problem first entails examination of the removal statute. Title 28 U.S.C.A. § 1441(a) provides:

> "Except as otherwise expressly provided by Act of Congress, any

civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Thus it is seen that removal may be had only of actions of which the United States District Courts "have original jurisdiction." It cannot be contested otherwise than that the United States District Court did *not* "have original jurisdiction" on August 2, 1958, and might therefore be argued that the Court does not have jurisdiction on removal. This approach does not provide a complete solution, however. If this action was "commenced" prior to the date of enactment, then the Act does not apply so as to increase jurisdictional amount, and the Court would have jurisdiction of the suit.

The question is to be determined by the meaning of the language from Section 3 of the Act, "actions commenced after the date of the enactment of this Act." Does this mean, insofar as removal cases are concerned, commenced in the District Courts of the United States, or is it sufficient that the case had been commenced in the State courts? If the former, then this case must fall for lack of a jurisdictional amount in controversy—if the latter, then the Court has jurisdiction.

An examination of the available legislative history of the Act (85th Cong. 2d Sess. S.Report 1830; House Report 1706; see also House Debates at pp. 11502–11509 of Cong.Rec. for June 30, 1958) does not determine the issue. A memorandum (of unrevealed authorship) had been inserted in the record and evidenced an awareness that pending cases involving less than $10,000 would fall if jurisdiction were removed without a savings clause. No statement of any awareness of the specific problem at hand was found by this Court. The Honorable Roman L. Hruska of Nebraska, a member of the Committee on Judiciary

of the Senate, corroborates this conclusion, saying:

"The point to which you referred was not discussed in the Senate Judiciary Committee. So far as I am able to ascertain, it was not taken up for discussion in the House Committee."

It is of passing interest only to note from the report of the Committee on Judiciary of the Senate submitted to that body on July 11, 1958, that the only discussion of Section 3 is this statement:

"Section 3 of the bill provides that this legislation shall only apply to cases commenced after the date of its enactment."

However, the use of the words "cases commenced" in the report and of the words "actions commenced" in the Act is not determinative and probably neither broadens nor narrows the language.

It is thus to be observed that the Act and the Committee reports make no reference to removal of cases or the filing of a petition for removal. Had the Congress intended to make the Act inapplicable only to cases which had been effectively removed to the United States District Court prior to the effective date of the Act, it easily could have so stated. Instead, it says the Act only applies to cases commenced after date of its enactment. Barron and Holtzoff, Volume 1, Section 24, states the general rule that "The amount in controversy is calculated as of the time of the commencement of the action." The cases cited in support of this statement all indicate that the time of commencement of the action refers to the time of filing of the action in the State Court and not to the date of filing of the removal papers. This Court believes that this case was actually commenced on July 14, 1958 when it was filed in the District Court of Lancaster County, Nebraska.

This case having been filed prior to the effective date of the Act, and effective service of summons issued the day of filing having been completed prior to the effective date of the Act, this Court con-

cludes that it was a case commenced prior to the date of enactment of the Act and if so, it follows that the case was properly removed and that the Court has jurisdiction of the removed case.