Lawrence J. KIEFFER and Beatrice P. Kieffer, his wife,

v.

The TRAVELERS FIRE INSURANCE COMPANY, American Home Assurance Company of New York, and Safeguard Insurance Company of New York.

Civ. No. 10831.

United States District Court
D. Maryland.

Oct. 31, 1958.

Floyd J. Kintner and William B. Evans, Kintner & Evans, Elkton, Md., for plaintiffs.

Michael P. Crocker and Joseph H. Young, Baltimore, Md., for defendants.

THOMSEN, Chief Judge.

Plaintiffs' motion to remand this case to the Circuit Court for Cecil County turns on the proper construction of P.L. 85-554, 72 Stat. 415, which amended sev-

eral sections of the Judicial Code, including 28 U.S.C.A. § 1332, prescribing the jurisdictional requirements in diversity cases. So amended, sec. 1332 requires that the amount in controversy exceed the sum of $10,000, exclusive of interest and costs, rather than $3,000 as formerly required. We are particularly concerned with sec. 3 of P.L. 85-554 which provides that the act shall apply only in the case of actions commenced after the date of its enactment.

The total amount claimed in this case is $10,000, $5,000 against each defendant. P.L. 85-554 was enacted on July 25, 1958. The action was commenced in the Circuit Court for Cecil County on July 18, 1958; the petition for removal to this court was filed on August 11, 1958. Plaintiff admits that the requisite diversity of citizenship existed both at the time the action was filed in the state court and at the time of its removal, but contends that the new requirement with respect to the amount in controversy applies.

■ Only one opinion construing P. L. 85-554 has been cited or found, Lorraine Motors, Inc. v. Aetna Cas. & Sur. Co., D.C.E.D.N.Y., 166 F.Supp. 319, which held in a similar situation that the action should be remanded to the state court. I have reluctantly come to the opposite conclusion.

Plaintiffs concede that the instant case was removable when it was commenced in the state court. 28 U.S.C.A. § 1441(a) provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

P.L. 85-554 [1] did not amend 28 U.S.C.

1. "An Act amending the jurisdiction of district courts in civil actions with regard to the amount in controversy and diversity of citizenship. *Be it enacted*

*by the Senate and House of Representatives of the United States of America in Congress assembled, That,* Section 1331 of title 28 of the United

A. § 1441. Its first section amended 28 U.S.C.A. § 1331, which governs jurisdiction in "federal question" cases. Sec. 2 amended 28 U.S.C.A. § 1332(b), which deals with "diversity" cases, to increase the required amount in controversy. Sec. 2 also added a new subsection, 1332(c), which reads: "For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Sec. 3 provides: "This Act shall apply only in the case of actions commenced after the date of the enactment of this Act." Secs. 4 and 5 were added by an amendment to the original bill. They amend 28 U.S.C. A. § 1445 to add to the list of non-removable actions cases arising under the Workmen's Compensation Laws of the several states.

The reference to sec. 1441 in new sec. 1332(c) and the amendment of sec. 1445 show that Congress was not unaware of the fact that many cases reach the federal courts by removal. Yet Congress provided that the new act should apply only in the case of actions "commenced" after the date of its enactment. If Con-

---

States Code is amended to read as follows:

" '§ 1331. Federal question; amount in controversy; costs

" '(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.

" '(b) Except when express provision therefor is otherwise made in a statute of the United States, where the plaintiff is finally adjudged to be entitled to recover less than the sum or value of $10,-000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interests and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.'

"Sec. 2. That section 1332 of title 28 of the United States Code is amended to read as follows:

" '§ 1332. Diversity of citizenship; amount in controversy; costs

" '(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

" '(1) citizens of different States;

" '(2) citizens of a State, and foreign states or citizens or subjects thereof; and

" '(3) citizens of different States and in which foreign states or citizens or subjects thereof are additional parties.

" '(b) Except when express provision therefor is otherwise made in a statute of the United States, where the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or

value of $10,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.

" '(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.

" '(d) The word "States", as used in this section, includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico.'

"Sec. 3. This Act shall apply only in the case of actions commenced after the date of the enactment of this Act.

"Sec. 4. The first two items in the chapter analysis of chapter 85, title 28, United States Code are amended to read as follows:

" '1331. Federal question; amount in controversy; costs.

" '1332. Diversity of citizenship; amount in controversy; costs.'

"Sec. 5. (a) Section 1445 of title 28 of the United States Code is amended by adding at the end thereof a new paragraph as follows:

" '(c) A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.'

"(b) The caption at the beginning of such section, and the reference to such section in the analysis at the beginning of chapter 89 of title 28, are amended by striking out 'Carriers; nonremovable actions' and inserting in lieu thereof 'Nonremovable actions'.

"Approved July 25, 1958."

gress had intended that the requirements of the new act should apply also to actions commenced in a state court before the date of its enactment, but removed to a federal court thereafter, it could easily have said so, or used language from which that conclusion necessarily follows. For example, the Judiciary Act of 1887–1888,[2] which increased the jurisdictional requirement from $500 to $2,000, provided: " * * * this act shall not affect the jurisdiction over or disposition of any suit removed from the court of any State, or suit commenced in any court of the United States, before the passage hereof * * * ." The Judicial Code of 1911,[3] which increased the amount in controversy to $3,000, was a new, entire code. It contained several seemingly conflicting provisions, e. g. secs. 28, 290 and 299, and is not helpful in construing the present statute. The Acts of 1934 and 1937,[4] which restricted the removal of suits having to do with state administrative orders and with the assessment, levy or collection of state taxes, provided that their respective provisions "shall not affect suits commenced in the district courts, either originally or by removal, prior to [their] passage; and all such suits shall be continued, proceedings therein had, appeals therein taken, and judgments therein rendered, in the same manner and with the same effect as if this Act had not been passed."

Although the Acts of 1934 and 1937 refer to "suits commenced in the district courts, either originally or by removal", we do not usually think of an action as having been commenced in a district court by removal. Rule 3, Fed.Rules Civ. Proc., 28 U.S.C.A. states: "A civil action is commenced by filing a complaint with the court." Rule 81(c), which deals with "Removal Actions", refers to "removal", "the time of removal", and the "filing of the petition for removal", and not to the commencement of the action in the federal court by removal. This action was commenced when the declaration[5] was filed in the state court.

It is true that the purpose of Congress in enacting P.L. 85–554 was to meet a heavy increase in the case load of the federal courts. The committees reporting the bill intended to bring the minimum amount in controversy in diversity of citizenship and federal question cases "up to a reasonable level by contemporary standards" and to "ease the workload of our Federal courts by reducing the number of cases involving corporations which come into Federal district courts on the fictional premise that a diversity of citizenship exists." See H.R. No. 1706, S.R.No. 1830, 85th Cong., 2d Sess., U.S.Code Congressional and Administrative News 1958 pp. 3099, 3101. But the administrative history of P.L. 85–554 gives no indication that the committees or Congress considered the narrow question with which we are dealing. The number of cases controlled by this point will necessarily be small. The language of sec. 3 of P.L. 85–554 should be construed to mean what it says.

For many years it has been held that the requisite diversity of citizenship must exist both when the suit is begun and when the petition for removal is filed. Gibson v. Bruce, 108 U.S. 561, 2 S.Ct. 873, 27 L.Ed. 825; Brown v. Eastern States Corp., 4 Cir., 181 F.2d 26; Stamm v. American Telephone & Telegraph Company, D.C.W.D.Mo., Whittaker, D. J., 129 F.Supp. 719. The requisite diversity existed at both times in the instant action. With respect to the amount in controversy, sec. 3 of P.L. 85–554 states plainly that the $10,000 requirement shall apply only in the case of actions "commenced" after July 25, 1958; this action was commenced on July 18, 1958; therefore, the $3,000 requirement applied to *this action* both at

---

2. March 3, 1887, c. 373, 24 Stat. 552; Aug. 13, 1888, c. 866, 25 Stat. 433.

3. March 3, 1911, c. 231, 36 Stat. 1087.

4. May 14, 1934, c. 283, 48 Stat. 775; Aug. 21, 1937, c. 726, 50 Stat. 738.

5. The declaration in an action at law in Maryland is the equivalent of a complaint in a civil action in the federal courts.

the time it was commenced and at the time of its removal.

It is true that federal courts should scrupulously confine their jurisdiction within the precise limits which the statutes have defined, that removal statutes are to be strictly construed, and that a case should be remanded if there is doubt as to the right of removal. But I am satisfied that the language of the relevant statutes requires this court to accept jurisdiction of this case.

The motion to remand is denied.

Since filing this opinion, my attention has been called to Lomax v. Duchow, D.C.Neb., 163 F.Supp. 873, previously decided, which reaches the same conclusion.