**Daniel SULLIVAN, Defendant,**

v.

**Steven MOCHEN, Plaintiff.**

**No. 86–8299–Civ–Zloch.**

United States District Court,
S.D. Florida,
Fort Lauderdale Division.

Oct. 23, 1986.

---

Richard Kibbey, Stuart, Fla., for plaintiff.

Steven Forester, ACLU State Office, Miami, Fla., for defendant.

## ORDER

ZLOCH, District Judge.

THIS MATTER is before the Court upon the Defendant, DANIEL SULLIVAN's, Motion For Extension Of Time To File Memorandum Of Law In Opposition To Motion To Remand (DE 8), Motion For Reconsideration Of Final Order Of Remand (DE 9), and Supplement To Motion For Reconsideration (DE 10). The Court has carefully reviewed the merits of the Motions aforementioned and all memoranda submitted in support of and in opposition thereto.

The Defendant, DANIEL SULLIVAN, seeks to have the above-styled cause removed to Federal Court on the basis of diversity jurisdiction. The Defendant concedes that in September, 1985, when the Complaint was initially filed, both the Plaintiff and Defendant were "residents of the State of Florida." In December, 1985, the Defendant simply alleges in his Petition For Removal that he "moved to the State of California." In April, 1986, the Plaintiff filed his First Amended Complaint.

The Defendant argues that because he "moved" to the State of California after the state court action was commenced, diversity existed between the parties and that the case is properly removed to Federal Court pursuant to 28 U.S.C. Sections 1332, 1441 and 1446(b).

Both the initial Complaint and the First Amended Complaint allege that the Plaintiff and Defendant are "residents" of Martin County, Florida. An allegation of "residence" is not sufficient to establish "citizenship". *Congress of Racial Equality v. Clemmons*, 323 F.2d 54 (5th Cir. 1963) cert. den., 375 U.S. 992, 84 S.Ct. 632,

11 L.Ed.2d 478 (1964); *Baker v. Data Dynamics, Inc.*, 561 F.Supp. 1161 (W.D.N.C. 1983).

■■■■ Whether an action filed in state court may properly be removed to Federal Court is to be determined from the record at the time the Petition For Removal is filed. *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939). When diversity of citizenship is the basis of Federal jurisdiction, it must be found to exist both at the time the Complaint was filed and at the time the Petition for Removal was filed. *Portis v. Sears Roebuck & Co.*, 621 F.Supp. 682 (D.C.Mo.1985); *Tyler v. Bonaparte's Fried Chicken, Inc.*, 610 F.Supp. 58 (D.C.La.1985); *Landmark Tower Associates v. First National Bank of Chicago*, 439 F.Supp. 195 (S.D.Fla.1977).

■■■ It is clear from the record that at the time the Complaint was initially filed in state court, total diversity of citizenship did not exist between the parties. The Plaintiff and the Defendant were both citizens of the State of Florida.

Therefore, the requirements for removal based on diversity of citizenship have not been satisfied and removal is improper.

■■■■ Defendant, in his Motion For Reconsideration (DE 9), argues for the first time than an implicit Federal question is raised in the First Amended Complaint. With respect to the general, Federal-question jurisdiction of the Federal Courts, the United States Supreme Court has recently reasserted the traditional view that the question whether a claim "arises under" Federal law must be determined by reference to the "well-pleaded Complaint." A defense that raises a Federal question is inadequate to confer jurisdiction. Since a defendant may remove a case only if the claim could have been brought in Federal Court (28 U.S.C. Section 1441(b)), moreover the question for removal jurisdiction must also be determined by reference to the "well-pleaded Complaint". *Merrell Dow Pharmaceuticals v. Thompson*, —— U.S. ——, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

The vast majority of cases brought under the general Federal-question jurisdiction of the Federal Courts are those in which Federal law creates the cause of action. However, a case may arise under Federal law "where the vindication of a right under state law necessarily turned on some construction of Federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983); *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916).

It is clear that the claims of the Plaintiff in both the initial Complaint and the First Amended Complaint do not pose a Federal question of the first kind. *Merrell Dow Pharmaceuticals* mandates " ... that, in exploring the outer reaches of Section 1331, determinations about Federal jurisdiction require sensitive judgments about congressional intent, judicial power and the Federal system."

A review of the Plaintiff's original Complaint and First Amended Complaint fails to reveal the presence of a Federal issue in any of the state-created causes of action. The Defendant's claim of the existence of a Federal claim is merely colorable and does not rest upon a reasonable foundation.

The Court being otherwise fully advised in the premises and after due consideration, it is

ORDERED AND ADJUDGED as follows:

1. The Defendant's Motion For Extension Of Time To File Memorandum Of Law In Opposition To Motion To Remand (DE 8) be and the same is hereby GRANTED;

2. The Defendant's Motion For Reconsideration Of Final Order Of Remand (DE 9) be and the same is hereby DENIED; and

3. The Defendant's Supplement To Motion For Reconsideration (DE 10) be and the same is hereby DENIED.