**Thomas L. SAYERS, Jr. et al., Plaintiffs,**

v.

**SEARS, ROEBUCK AND CO., Defendant.**

**Civ. A. No. 89–0463–R.**

United States District Court, W.D. Virginia, Roanoke Division.

Feb. 22, 1990.

Jeffrey H. Krasnow, Roanoke, Va., for plaintiffs.

Adele Baker, Wright, Robinson, McCammon, Osthimer, & Tatum, Richmond, Va., Sharon Fitzgerald, Alexandria, Va., for defendant.

## MEMORANDUM OPINION

KISER, District Judge.

On October 10, 1989 the parties jointly filed a letter which raised the issue of this court's jurisdiction in light of an amendment to the "amount in controversy" requirement to 28 U.S.C. § 1332.

### Background

The pertinent facts for this opinion are quite simple. On May 4, 1989, the plaintiff filed suit in the Circuit Court for the City of Roanoke. On May 30, 1989, the defendant filed its petition to remove the case to federal court on the basis of diversity of citizenship. Both parties agree that in the case at bar the amount in controversy is more than $10,000 but less than $50,000. This presents a problem because Congress increased the "amount in controversy" provision of 28 U.S.C. § 1332 to require that the amount in controversy be more than $50,000. The amendment to the statute further provided that the increased "amount in controversy" provision would not apply to those cases "commenced" be-

fore the effective date of the statute, May 18, 1989. Thus, this court must decide whether the jurisdictional amount in controversy prerequisite must be met at the time of removal and, therefore, be more than $50,000, or whether it need be met only at the time the suit was filed in state court.

### Discussion

In 1958, after Congress had recently raised the amount in controversy requirement from $3,000 to $10,000 two United States district courts wrestled with the very same question which is raised today and each decided the issue differently. In *Lorraine Motors, Inc. v. Aetna Casualty & Surety Company*, 166 F.Supp. 319 (E.D. N.Y.1958), the court decided that the increased jurisdictional amount applied at the time the petition for removal was filed. To the contrary, the court in *Kieffer v. Travelers Fire Insurance, Co.*, 167 F.Supp. 398 (D.Md.1958), decided that if the amount in controversy was met at the time the suit was filed in state court, the jurisdictional amount requirement was satisfied.

■ The key to both cases was to determine when an action was "commenced." The *Lorraine* court's rationale was that Congress' purpose in raising the amount in controversy requirement was to limit federal courts' diversity jurisdiction. *Lorraine*, 166 F.Supp. at 321. That purpose in conjunction with the general rule that removal statutes are to be strictly construed led the court to conclude that "commenced" meant having filed some pleading [either the original complaint or the petition for removal] in the federal court. *Id.* at 322–323. The *Kieffer* court's rationale was that one does not usually think of an action as being "commenced" in a district court by removal; therefore, the court held that time of filing in state court "commenced" an action. *Kieffer*, 167 F.Supp. at 401. I find the rationale of the *Lorraine* court to be more persuasive and consequently cast my lot with that court.

An argument which was not presented in either *Lorraine* or *Kieffer* has been raised

by the defendant in the case at bar. The defendant argues that section 201(b) of Pub.L. 100–702, 102 Stat 4646, which amends 28 U.S.C. § 1332(a), states that the amendment "shall apply to any civil action commenced ..." whereas section 202(b), which amends 28 U.S.C. § 1332(c), states that the amendment "shall apply to any civil action commenced in or removed to a United States district court." It is the argument of the defendant that if the new $50,000 jurisdictional amount was to apply to the time the defendant files his notice of removal, Congress would have included that phrase "or removed to" in section 201(b) as it did in section 202(b). The defendant's argument on a quick glance makes sense. However, a detailed analysis shows that section 201 only amends § 1332(a) while section 202 says "For the purpose of this section [meaning § 1332(c)] and section 1441 ..."; therefore, Congress *needed* to mention removal in section 202(b) because § 1441 is the general removal statute. Yet Congress did not have to mention removal in section 201(b) since it only amended § 1332 which has nothing to do with removal. The short answer to defendant's argument is that section 201 amended only section 1332 whereas section 202 amended both sections 1332 and 1441.

■ The jurisdictional requirements for diversity jurisdiction are not present if they are not met at both the time of commencement and the time of removal. In *Sullivan v. Mochen*, 646 F.Supp. 216 (S.D.Fla. 1986), the district court remanded the action to state court since the parties were not diverse at the time the action was commenced in state court yet were diverse when the petition for removal was filed.

> Whether an action filed in state court may properly be removed to Federal Court is to be determined from the record at the time the Petition For Removal is filed. When diversity of citizenship is the basis of Federal jurisdiction, it must be found to exist both at the time the Complaint was filed and at the time the Petition for Removal was filed.

*Id.* at 218. (citations omitted).

The fifth and eleventh circuits on several occasions also have said, "[T]he propriety of removal is evaluated *at the time the petition for removal* is filed." *Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, 1253 (11th Cir.1988) (emphasis added) *citing, In re Carter*, 618 F.2d 1093, 1101 (5th Cir) *cert. denied*, 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1980).

It offends reason to suggest that diversity of citizenship must be present both at the time of the filing of the state action and the time of filing the removal petition but that the jurisdictional amount need be satisfied only when the state action is filed. I cannot believe that Congress intended such an incongrous result.

Accordingly I find this court lacks jurisdiction to hear this case and it shall be remanded to the Circuit Court for the City of Roanoke.