**Heidi M.S. ENGEL, by her mother and next friend Priscilla G. ENGEL, and David C. Engel, Individually, Plaintiffs,**

v.

**TRUSTEES OF BERWICK ACADEMY, Defendant.**

**Civ. No. 92-45-P-C.**

United States District Court, D. Maine.

Nov. 19, 1992.

Steven Slovenski, Engel & Gearreald, Exeter, N.H., for plaintiffs.

Barri L. Bloom, Richardson & Troubh, Portland, Me., for defendant.

MEMORANDUM AND ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION DUE TO FAILURE TO MAKE AN ADEQUATE SHOWING OF SATISFACTION OF THE APPLICABLE JURISDICTIONAL AMOUNT UNDER 28 U.S.C. § 1332

GENE CARTER, Chief Judge.

This case was commenced by a Complaint demanding jury trial (Docket No. 1), filed in this Court on January 29, 1992, asserting claims for personal injuries claimed to have resulted from two separate incidents alleged to have occurred on January 26, 1989, while Plaintiff Heidi M.S. Engel was an eighth-grade student at Berwick Academy. The case progressed through pretrial development stages. On September 9, 1992, this Court granted Defendant's Motion for Sanctions and ordered that Plaintiffs' medical experts be precluded from testifying at trial as a result of Plaintiffs' discovery violations. By a further Order dated September 30, 1992, the Court imposed further sanctions on Plaintiffs based upon Plaintiffs' counsel's failure to attend the scheduled pretrial confer-

ence and failure to file a pretrial memorandum as required by the Rules of this Court.

After a rescheduled final pretrial conference, held on October 6, 1992, this Court entered its Order to Show Cause (Docket No. 35) on October 7, 1992, ordering that Plaintiffs "make a showing, in writing, on or before November 6, 1992, fully supported by materials of evidentiary quality from which the Court may reasonably conclude [1] that the recoverable damages herein are likely to equal or exceed the jurisdictional limit specified in 28 U.S.C. § 1332 applicable to this case." Order to Show Cause.[2]

Plaintiffs have now filed their response to the Order to Show Cause entitled "Answer to Order to Show Cause" (Docket No. 36), filed on November 6, 1992. The Court has now reviewed that document and the various exhibits, consisting principally of medical records, bills, and documents, filed in support of the response. The Court concludes that Plaintiffs have failed to meet the requirements of the Order to Show Cause because it appears to a legal certainty from the entire record herein, including the Response and materials in support thereof, that the likely award of damages in this case will not equal or exceed the sum of $50,000 required by the statute, as amended effective May 18, 1989.

The answer and supporting papers filed by Plaintiffs set forth little, if anything, in the way of *admissible evidentiary material*, which is specifically contemplated to be required by the Order to Show Cause. Further, the contents of these materials, if considered and taken to be true, principally with respect to the expression of expert medical opinions contained in them, would, in the view of this Court, be insufficient to establish a causal link by standards of proximate cause between any of Plaintiffs' claimed damages and the incidents alleged to have precipitated them in an amount equal to or greater than the sum of $50,000.[3]

However, the fatal blow to Plaintiffs' attempt to demonstrate diversity jurisdiction is the fact that such a showing cannot be derived from these papers except through reliance upon the expressions of medical opinion occasionally made in them with respect to both proximate cause and the extent of Plaintiff's permanent impairment. In the circumstances of this case, these opinions cannot be accorded the force of evidentiary quality since Plaintiffs are now under the strictures of this Court's September 9, 1992, Order which precludes the production of any medical testimony by reason of Plaintiffs' discovery violations in respect to provision of information required to be produced pursuant to Federal Rule of Civil Procedure 26(b)(4). Even if the Court were to assume that these pertinent opinions would be testified to by the medical

---

1. Although the Order to Show Cause uses the phrase "from which the Court may reasonably conclude," the Court recognizes that in determining whether the amount-in-controversy requirement has been met, the properly applicable standard is whether it appears to a legal certainty that Plaintiffs' claims will not amount to the jurisdictional minimum. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). It is that standard which the Court here applies on that issue.

2. Title 28 U.S.C. section 1332 was amended, effective May 18, 1989, *see Berkshire Fashions, Inc. v. M/V HAKUSAN II*, 954 F.2d 874, 887 (3d Cir.1992), to increase the jurisdictional amount from $10,000 to $50,000. Section 201(b) of Public Law 100–702 provides that the amendment "shall apply to any civil action *commenced* on or after [the effective date of the 1988 amendments]." (Emphasis added). As noted above, this action was commenced on January 29, 1992, after the effective date specified. No argument has been made here that the $10,000 limit applies to this case. The Court has nevertheless examined that possibility. The Court concludes from the specific language, which utilizes the word "commenced," that the $50,000 limit provided for by the 1988 amendment to section 1332 applies to this case for purposes of determining whether the requirements of diversity of citizenship jurisdiction are met. *Cf. Sayers v. Sears, Roebuck and Co.*, 732 F.Supp. 654 (W.D.Va.1990); *Lorraine Motors, Inc. v. Aetna Casualty and Surety Co.*, 166 F.Supp. 319 (E.D.N.Y.1958).

3. The special damages listed in Plaintiffs' Pretrial Memorandum (Docket No. 31) of October 6, 1992 total only $1,681.61. Under the discovery rules and practice of this District, Plaintiffs would not be able in the present posture of this case to prove special medical damages in excess of that amount.

experts if produced as witnesses at trial, the ineluctable fact is that in the present procedural posture of this case, Plaintiffs cannot call those witnesses to testify at trial because of the Court's sanction.

Thus, it is clear to a legal certainty that Plaintiffs have failed to make a showing that they can meet the subject matter jurisdictional requirements of diversity of citizenship jurisdiction as to the applicable jurisdictional amount in controversy pursuant to the applicable provisions of 28 United States Code section 1332. Accordingly, it is hereby ORDERED that the case is hereby DISMISSED without prejudice. *See Ehrenfeld v. Webber,* 499 F.Supp. 1283 (D.Me.1980).

It is FURTHER ORDERED that the Court retain jurisdiction over the enforcement of the sanction of One Hundred Fifty Dollars ($150.00) imposed by the Court on Steven Slovenski, Esq. by the Procedural Order (Docket No. 29) filed herein on September 30, 1992, and it is FURTHER ORDERED that said Steven Slovenski, Esq. shall file with the Clerk, on or before November 27, 1992, an affidavit establishing that the sanction has been paid or he shall show good cause, in writing, why he has failed to do so.