**TJS BROKERAGE & CO., INC.**

v.

**CRST, INC.**

**Civil Action No. 97–446.**

United States District Court, E.D. Pennsylvania.

Feb. 24, 1997.

Melissa R. Margulies and Paul D. Keenan, Buchanan Ingersoll P.C., Philadelphia, PA, for Plaintiff.

Samuel S. Woodhouse, Cozen and O'Connor, Philadelphia, PA, for Defendant.

### *MEMORANDUM*

BARTLE, District Judge.

We have before us an issue that seems invariably to arise whenever Congress in-

creases the amount in controversy requirement for diversity cases under 28 U.S.C. § 1332. We face the question of when and under what circumstances the statutory amendment becomes operative.

Plaintiff, TJS Brokerage & Co., Inc. ("TJS"), instituted this action by writ of summons in the Court of Common Pleas of Philadelphia County on January 8, 1997. Defendant, CRST, Inc. ("CRST"), removed the case to this court on January 21, 1997, four days after the effective date of the Act of Congress raising the jurisdictional amount in diversity cases from in excess of $50,000 to in excess of $75,000. Federal Courts Improvement Act of 1996, Pub.L. No. 107–317, § 205, 110 Stat. 3847, 3850 (1996) ("the Act"). After the action was removed, TJS filed its complaint. It alleges that CRST, a trucking company, breached a contract for transportation of goods. Plaintiff seeks a sum certain in damages, $58,539—sufficient to meet the old jurisdictional requirement but not enough to meet the new.

At a status conference, the court raised the issue of subject matter jurisdiction, and the parties have now filed briefs. The plaintiff seeks to have the action remanded to the Court of Common Pleas.

When Congress increased the jurisdictional amount for diversity actions, it stated that "the amendment made by this section [amending the amount in controversy] shall *take effect* 90 days after the date of enactment of this Act." (Emphasis added). The enactment occurred on October 19, 1996. Ninety days thereafter was January 17, 1997. The meaning of Congress is clear—the amendment "t[ook] effect" and thus became operative on January 17, 1997.

Defendant contends that the smaller, in excess of $50,000 amount applies to the present action since it was filed on January 8, 1997. While the filing date is undisputed, that filing was made in state rather than federal court. Defendant maintains that the specific forum is immaterial. To defendant it is the time when the filing occurred, not the place, that is crucial.

Plaintiff, on the other hand, focuses on the fact that the action was not removed to the federal court until four days after the new jurisdictional prerequisite took effect. According to plaintiff, since the action arrived on our docket after January 17, the higher dollar amount controls.

It is well-established that federal subject matter jurisdiction over a case removed from a state court must be determined as of the time of removal. *See Caterpillar Inc. v. Lewis,* —— U.S. ——, ——, 117 S.Ct. 467, 473, 136 L.Ed.2d 437 (1996); *American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951); *Abels v. State Farm Fire and Cas. Co.,* 770 F.2d 26, 29 (3d Cir.1985). We see no reason to depart from that principle here. Accordingly, the issue to be resolved is simply which jurisdictional amount was in effect on the date of removal. Any prior history in the state court is irrelevant. While the removing party has the burden of proof, no dispute of fact exists. *See Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990); *cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991). The action was not removed until January 21, 1997. As of that point, the new, in excess of $75,000 figure applied.

Defendant cites *Kieffer v. Travelers Fire Ins. Co.,* 167 F.Supp. 398 (D.Md.1958) to support its position that this court has jurisdiction. That case relates to an earlier amendment to 28 U.S.C. § 1332 which increased the jurisdictional amount from in excess of $3,000 to in excess of $10,000. However, the language the Congress used on that occasion was quite different from what it used with respect to the more recent 1996 amendment. That case was filed in a Maryland state court on January 18, 1958. The amount in dispute was $5,000 as to each defendant. Defendants removed the action to federal court on August 11, 1958. In the meantime, effective July 25, 1958, Congress increased the amount in controversy. In amending the statute, Congress stated, "[t]his act shall apply only in the case of actions commenced after the date of the enactment of this act." Pub.L. No. 85–554, § 3, 72 Stat. 415 (1958). The court held that the action was "commenced" when it was insti-

tuted in state court and that therefore it was properly removed.

The district court in *Sayers v. Sears, Roebuck and Co.,* 732 F.Supp. 654 (W.D.Va. 1990), however, reached a different conclusion. That diversity case was originally instituted in a West Virginia state court on May 4, 1989 where the damages sought were between $10,000 and $50,000. It was removed to federal court on May 30, 1989. In the interim, on May 18, 1989, an amendment to the federal diversity statute raised the jurisdictional amount to in excess of $50,000, which was higher than the amount in controversy in the case. The pertinent public law stated that the amendment "shall apply to any civil action commenced on or after [the effective date of the act]." Judicial Improvements and Access to Justice Act, Pub.L. No. 100–702, § 201(b), 102 Stat. 4642, 4646 (1988). The court held that the significant date was the date the action was commenced in the federal court either by the filing of a complaint or by removal. The date it was filed in the state court was of no moment.

We need not decide which of these two decisions is correct. With respect to the amendment before us, Congress employed materially different language than it had on the two previous occasions. It plainly said that the amendment shall "take effect" on January 17, 1997. There was no reference to when the action "commenced."

Defendant also cites *Berkshire Fashions, Inc. v. The M.V. Hakusan II,* 954 F.2d 874 (3d Cir.1992). That case is inapposite. One of the issues before the Court of Appeals in *Berkshire* was whether the district court had abused its discretion in refusing to allow the plaintiff to amend its complaint to drop a non-diverse party so that diversity jurisdiction would exist. When the complaint was originally filed, the jurisdictional amount was $10,000. At the time of the proposed amendment, however, Congress had increased it to $50,000. The claim in the case was for less than $42,000. The Court of Appeals held that the jurisdictional amount had been satisfied because an amendment to the complaint, under Rule 15 of the Federal Rules of Civil Procedure, relates back to the date of the original complaint. In footnote 10 of its opinion, the court explicitly rejected the relevance of *Sayers* and *Kieffer* to its analysis since they did not involve Rule 15.

Finally, defendant argues in the alternative that the jurisdictional amount may exceed $75,000 after all. In support of this proposition, defendant's counsel relies on his own affidavit concerning a phone conversation with plaintiff's counsel. According to that affidavit, plaintiff's counsel "refused to stipulate that its [plaintiff's] damages do *not* exceed the amount in the complaint" or that "its damages do *not* exceed $75,000." We know of nothing requiring such a stipulation. Under Rule 11 of the Federal Rules of Civil Procedure, an attorney who signs a pleading represents "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it is not being presented for any improper purpose ... [and] the allegations and other factual contentions have evidentiary support...." Defendant has presented no evidence that plaintiff's counsel has violated this rule. To determine the amount in controversy, we look to the complaint itself. *Angus v. Shiley, Inc.,* 989 F.2d 142, 145 (3d Cir.1993). Plaintiff seeks damages in the amount of $58,539 for breach of contract. There is no ambiguity or uncertainty here necessitating us to proceed further.

The defendant did not remove the present action to this court until January 21, 1997, four days after the amendment to 28 U.S.C. § 1332 took effect. Since the amount in controversy, as noted, is only $58,539 and the jurisdictional requisite is in excess of $75,000, we do not have subject matter jurisdiction under 28 U.S.C. § 1332. The case will be remanded to the Court of Common Pleas of Philadelphia County.