**Che H. LEE, Plaintiff,**

v.

**WALMART, INC., Defendant.**

**Civil Action No. 01–6905.**

United States District Court, E.D. Pennsylvania.

Dec. 13, 2002.

Paul J. Drucker, Philadelphia, PA, for Plaintiff.

Courtney Seda McDonnell, King of Prussia, PA, for Defendant.

## OPINION

POLLAK, District Judge.

In the above-captioned case, defendant Wal–Mart Stores, Inc. ("Wal–Mart") has filed a summary judgment motion pursuant to Federal Rule of Civil Procedure 56. After reviewing the parties' submissions, this court finds itself uncertain whether it has subject-matter jurisdiction. The summary judgment motion will not be ruled on until the question of jurisdiction has been resolved.

## Factual and procedural background

Plaintiff Che H. Lee originally brought suit in the Court of Common Pleas of Philadelphia County, based on injuries incurred while on the premises of one of defendant Wal–Mart's retail locations. On November 11, 2000, Mr. Lee and a yet-unidentified third party had a brief but hostile encounter in the parking lot of the Wal–Mart while the two were searching for a parking space. Mr. Lee became angered by the other man's behavior, which evidently consisted of cutting in front of Mr. Lee's car, driving into a coveted space very slowly, and casting a "hard look" in Lee's direction. After less-than-careful reflection, Mr. Lee retaliated to the third party's apparent posturing with his own salvo he extended his middle finger toward the other car.

Once inside the store, Mr. Lee soon discovered that his gesture had been quite effective in escalating the battle in which he and the other man had become engaged. Mr. Lee's adversary found him and proposed continuing the war on a new front, suggesting that the two step outside. Suddenly convinced of the merits of détente, Mr. Lee adopted a more peaceable nature and declined to proceed to the proposed venue. Unfortunately, the other man still smarted from Mr. Lee's parking-lot volley and chose to press the issue. The two exchanged the obligatory challenges to each other's sexuality, Mr. Lee's unfriend threw a punch, and by the time the dust settled, Mr. Lee had suffered injury to his left eye.

Mr. Lee's suit in state court was premised on the theory that Wal–Mart could have prevented his injuries with proper security precautions. The complaint, filed in November of 2001, included a demand for judgment "in an amount in excess of Fifty Thousand Dollars ($50,000.00)." On December 13, 2001, Wal–Mart sent to Mr.

Lee's counsel a "Stipulation Limiting Damages to Avoid Removal of Matter to Federal Court." The letter accompanying that proposed stipulation advised that if Mr. Lee would stipulate "that the full amount of *any and all* damages [that] may be awarded in this matter, if any, shall not exceed Seventy-five Thousand Dollars ($75,000.00)," then Wal–Mart would refrain from removing the case to federal court. By letter, plaintiff's counsel advised that he refused to sign the stipulation, "due to the nature and severity of [Mr. Lee's] damages." Soon thereafter, Wal–Mart removed the suit to this court.

**Diversity Jurisdiction**

■ As the parties are no doubt aware, 28 U.S.C. § 1332 requires the satisfaction of two factors before a federal district court may assume diversity jurisdiction over a civil action such as this one (1) the controversy must be between citizens of different states, and (2) the amount in controversy must exceed $75,000.00. The submissions to this court in this case give rise to some doubt about the latter requirement. Although Mr. Lee has not filed a motion to remand the case, this court can and, indeed, must raise the issue of subject-matter jurisdiction *sua sponte* when it appears that said jurisdiction may be lacking. See *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908); *Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir. 2002).

In its notice of removal, Wal–Mart stated that, based on Mr. Lee's demand of "in excess of" $50,000.00 and refusal to stipulate that damages were less than $75,000.00, "defendant has a good faith belief that plaintiff is seeking damages in excess of $75,000.00." Wal–Mart's strategy of presenting a plaintiff with an ultimatum—stipulate to a damages cap or we'll remove—is intriguing. However, several courts have questioned the propriety of

basing federal jurisdiction upon the negative inference from a plaintiff's refusal to stipulate to damages less than the jurisdictional minimum. In particular, a recent case from the Eleventh Circuit gives this court pause, as its facts closely parallel those here. In *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316 (11th Cir. 2001), the plaintiff had brought suit in state court against Best Buy for personal injuries suffered in one of the defendant's stores. Best Buy, in its notice for removal, stated "Counsel for Plaintiff and Plaintiff have refused to stipulate that Plaintiff's claims do not exceed and will not exceed the sum of $75,000.00." *Id.* at 1318. The district court, never having received a motion to remand, granted summary judgment to Best Buy. The plaintiff appealed the summary judgment ruling, and the Eleventh Circuit raised *sua sponte* the issue of whether the amount in controversy was sufficient to sustain diversity jurisdiction. Observing the defendant's reliance on the plaintiff's refusal to stipulate to damages not in excess of $75,000, the court noted that "[t]here are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [the] burden of proof on the jurisdictional issue." *Id.* at 1320. The case was then remanded to the district court "for the limited purposes of developing the record and making findings of fact with regard to the amount in controversy at the time of removal." *Id.* at 1321.

To be sure, courts in the Third Circuit have also had encounters with the ultimatum tactic employed by Wal–Mart, and have varied in their responses. Judge Reed of this court addressed the issue in another suit against Wal–Mart, in which "Wal–Mart removed the case to federal court after plaintiffs refused to sign a stipulation limiting damages to less that $75,000." *Fosbenner v. Wal–Mart Stores, Inc.*, No. Civ. A. 01–3358, 2001 WL

1231761, at *1 (E.D.Pa. Oct. 12, 2001). Noting that "Wal–Mart has produced no evidence beyond the pleadings and plaintiffs 'failure to agree to sign an affidavit," Judge Reed remanded the case to the state court. *Id.* at *3. Similarly, Judge Bartle, when presented with the argument that plaintiff's counsel "refused to stipulate that its [plaintiff's] damages do *not* exceed the amount in the complaint" or that "its damages do *not* exceed $75,000," commented that he knew of nothing requiring such a stipulation and remanded the case. *TJS Brokerage & Co. v. CRST, Inc.*, 958 F.Supp. 220, 222 (E.D.Pa.1997). Conversely, Judge James McGirr Kelly found a refusal to stipulate to a damages cap to be "legally significant." *Johnson v. Costco Wholesale*, No. Civ. A. 99–CV–3576, 1999 WL 740690, at *3 (E.D.Pa. Sep. 22, 1999).

While a plaintiff's failure to stipulate might provide some evidence that a claim is truly for more than the jurisdictional minimum, I do not believe that fact may alone shoulder the burden of § 1332 jurisdiction. My misgivings on the jurisdictional issue are buttressed by Mr. Lee's pretrial memorandum, which alleges only that "Plaintiff suffered medical expenses in excess of $5,000.00" and that "[a]s a result of this incident, he missed thirteen (13) days from work." Given Mr. Lee's wages of $154.50 a day, the total medical expenses and lost wages amount to $7,008.50, by my arithmetic.

**Conclusion**

While it is possible that the damages at issue amount to more than $75,000.00, that has not been clearly established on the record before this court. Therefore, the accompanying order directs the parties—first the defendant, then the plaintiff—to submit evidence and briefing regarding the amount in controversy here. Meanwhile, disposition of the pending summary judgment motion will be held in abeyance.

**ORDER**

For the reasons stated in the accompanying opinion, defendant Wal–Mart is hereby ORDERED to submit to this court, within 30 days of the date of this order, evidence and briefing regarding the amount in controversy in this case. Plaintiff Che H. Lee will have 20 days from the date of Wal–Mart's submission to respond with evidence and briefing of his own.