# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RONALD BUSH; JULIANE DYER; JOSH
KRAMER; ANA LOPEZ; ASHLEY
SALISBURY, On Behalf of
Themselves and All Others
Similarly Situated,
    *Plaintiffs-Appellees,*

v.

CHEAPTICKETS, INC.; CENDANT
CORPORATION; EXPEDIA INC.; IAC/
INTERACTIVECORP; HOTELS.COM,
L.P.; HOTELS.COM GP, LLC;
ORBITZ INC.; ORBITZ LLC;
PRICELINE.COM INC.,
    *Defendants-Appellants.*

No. 05-55995

D.C. No.
CV-05-02285-PA

OPINION

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted
September 16, 2005—Pasadena, California

Filed October 6, 2005

Before: Jerome Farris, David R. Thompson, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Bybee

13879

## COUNSEL

Gordon Greenberg, McDermott Will & Emery, Los Angeles, California, for defendant-appellant.

Martha Boersch, Jones Day, San Francisco, California, for defendant-appellant.

Darrel Hieber, Skadden, Arps, Slate, Meagher & Flom, Los Angeles, California, for defendant-appellant.

Michael Reese, Milberg Weiss Bershad & Schulman, New York, New York, for plaintiff-appellee.

Blake Harper, Hulett Harper Stewart, San Diego, California, for plaintiff-appellee.

**OPINION**

BYBEE, Circuit Judge:

The question before us is when is a class-action suit "commenced" for purposes of the effective date of the Class Action Fairness Act ("CAFA," or "the Act"), Pub. L. No. 109-2, 119 Stat. 4 (2005). The plaintiffs-appellees, Ronald Bush and others ("Bush"), filed suit in state court against various internet-based travel companies ("Cheaptickets"). Cheaptickets removed the case to federal court, but the district court ordered the case remanded to state court. Bush claims that removal was not authorized because the suit was filed on the day before CAFA became effective. Cheaptickets argues that the suit was commenced when it was removed to federal court; alternatively, it argues that the action was not commenced in state court until the defendant received service of process. We reject both assertions and affirm the district court's remand of the class action to state court.

### I.   FACTS AND PROCEEDINGS BELOW

On February 17, 2005, Bush filed a civil class action in Superior Court, Los Angeles County, alleging that Cheap-

tickets had imposed illegitimate "taxes and fees" in connection with the sale of online travel and accommodations services, and that this conduct violates California's Unfair Business Practices Act and constitutes unlawful conversion. Cheaptickets responded that there are multiple lawsuits asserting similar charges and seeking nationwide class certification, that several of the named plaintiffs-appellees appear in a number of these cases, and that these plaintiff classes are represented by many of the same attorneys.

On February 18, 2005, the day after Bush filed his complaint in state court, the President signed into law the Class Action Fairness Act (CAFA), Pub. L. 109-2, 119 Stat. 4 (2005). CAFA amends, *inter alia*, the federal diversity statute, 28 U.S.C. § 1332, and now vests original jurisdiction for class actions in federal court where there is minimal diversity and the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d). By its own terms, the Act became effective for all actions that "commenced on or after" February 18, 2005. Pub. L. 109-2, § 9.

On March 28, 2005, Cheaptickets removed the class action to the United States District Court for the Central District of California, asserting jurisdiction under 28 U.S.C. § 1332(d), the new codification of CAFA's jurisdictional prerequisites. The district court remanded the action to state court on May 5, 2005, holding that a class action was "commenced" for purposes of CAFA when the original complaint was filed in state court, not when it was removed to federal court, and finding that the action commenced in state court on February 17, 2005, the day before CAFA's enactment. The remand order was entered on May 9, and Cheaptickets filed its appeal on May 16, 2005. We accepted the appeal on July 13.

## II.   JURISDICTION

**[1]** We have jurisdiction to hear Cheaptickets' petition under 28 U.S.C. § 1453(c)(1), recently enacted as part of

CAFA. Section 1453(c) provides that an appellate court "may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court," provided that the appeal is filed "not less than 7 days" after entry of the remand order.

We have a preliminary question to resolve: whether Cheaptickets filed a timely appeal from the district court's order. The statute provides that application must be made "not *less than* 7 days after entry of the order." 28 U.S.C. § 1454(c)(1) (emphasis added). Literally, a party who filed an appeal "less than" seven days after the district court entered its remand order would have appealed *too early*. Only if the appeal is filed seven or more days after entry of the order would the appeal be "not less than" seven days. Moreover, there is apparently no upper limit on when an appeal may be taken so long as it is filed after more than seven days.

**[2]** The Tenth Circuit has recently offered its opinion that the statute contains a "typographical error" and must be read to say "not *more* than 7 days after entry of the order." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1093 n.2 (10th Cir. 2005) ("Given Congress' stated intent to impose time limits on appeals of class action remand orders and the limited availability of appeals prior to the statute's enactment, we can think of no plausible reason why the text of the Act would instead impose a seven-day waiting period followed by a limitless window for appeal.").

**[3]** Fortunately, though we note the apparent drafting error and the Tenth Circuit's analysis, we are not called upon to speculate whether it is appropriate or even permissible for this Court to correct Congress's "typographical" mistake in this case.[1] Cheaptickets filed its appeal on the seventh day follow-

---

[1]*See In re Century Cleaning Servs., Inc.*, 195 F.3d 1053, 1063-64 (9th Cir. 1999) (to find that a statute contains a drafting or scrivener's error, the court must determine that the literal application of the statute will pro-

ing the district court's remand order which is, happily for Cheaptickets, "not less than" seven days after the district court ordered the remand. Even under the Tenth Circuit's "corrected" reading of the Act, Cheaptickets filed a timely appeal because, having filed on the seventh day, it was "not more than" seven days.

Cheaptickets filed a timely appeal. We accepted the appeal on July 13, 2005, set a briefing schedule, and set oral argument for the next available panel. Unless extended, the period within which we must issue judgment would expire on September 12, 2005, four days prior to oral argument (set for September 16, 2005).[2] The parties have filed a joint supplemental brief, agreeing under § 1453(c)(3)(A) to such time as the court needs to render judgment following oral arguments, and we have issued an order extending the time for judgment.

## III. ANALYSIS

Cheaptickets advances two primary arguments in their petition. First, Cheaptickets asserts that the action "commenced" when it was removed to federal court. Since the action was removed in March 2005, more than a month after the enactment of CAFA, Cheaptickets contends that CAFA applies and the remand was in error. Second, Cheaptickets avers that for purposes of removal, an action is "commenced" when process

---

duce a result that is clearly at odds with the intention of its drafters); *Natural Res's. Def. Council v. EPA*, 915 F.2d 1314, 1321 (9th Cir. 1990) (in analyzing potential scrivener's error, the "ordinary presumption is that Congress' drafting of the text is deliberate").

[2]Section 1453(c)(2) provides that if the circuit accepts a timely appeal, the circuit "shall complete all action on such appeal, including rendering judgment," within 60 days after the date on which the appeal was filed. Under § 1453(c)(3), we may grant an extension of the 60-day period where (1) all parties to the proceeding agree to an extension and a given period for the extension, or (2) the extension is for good cause shown and in the interests of justice. The latter extension is limited to ten days.

is served upon a defendant; given that Cheaptickets was served with process on February 24, 2005, a week following CAFA's enactment, Cheaptickets argues that removal was timely. As we consider CAFA's requirements, we may review the construction, interpretation, or applicability of a statute de novo. *United States v. Ventre*, 338 F.3d 1047, 1052 (9th Cir. 2003).

**[4]** Section 9 of CAFA provides that "[t]he amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act." Pub. L. 109-2, § 9. CAFA broadens diversity jurisdiction for certain qualifying class actions and authorizes their removal; given its context, CAFA's "commenced" language surely refers to when the action was originally commenced in state court. It is axiomatic that an individual or entity may not remove a dispute before it has commenced in state court. The removal statute, 28 U.S.C. § 1441, is quite clear that only a "defendant" may remove the action to federal court, *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941), and there is no defendant until a lawsuit has been properly initiated in state court.

**[5]** A state's own laws and rules of procedure determine when a dispute may be deemed a cognizable legal action in state court. *See Herb v. Pitcairn*, 324 U.S. 117, 120 (1945) ("Whether any case is pending in the Illinois courts is a question to be determined by Illinois law"); *Canon v. Kruger Co.*, 837 F.2d 660 (8th Cir. 1988) ("It is clear that a federal court must honor state court rules governing commencement of civil actions when an action is first brought in state court and then removed to federal court . . ."). In most states this occurs either when the suit is filed or when the complaint or summons is served. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351-52 (1999) (noting that in some states, such as New York, service of the summons commences the action); *Pritchett*, 420 F.3d at 1094 (noting that filing commonly commences the action, but that in Connecticut the action commences by service; citing CONN. GEN. STAT. § 52-

45a (2003)). In California, as in the federal courts, a suit is "commenced" upon filing. CAL. CIV. PROC. CODE § 350 ("An action is commenced, within the meaning of this Title, when the complaint is filed."); *see* FED. R. CIV. P. 3 ("A civil action is commenced by filing a complaint with the court."). Accordingly, under California law, Bush commenced his class-action lawsuit on February 17, 2005.

[6] Cheaptickets would have us read "commenced" to mean "when removed." That construction makes unnecessarily complex what appears to be a very simple provision and statutory scheme. Had Congress wished to permit the removal of state suits removed after February 18, 2005, it could have provided that "the amendments made by this Act shall apply to any court action removed on or after the date of enactment of this Act." Cheaptickets would have us give Section 9 an even more awkward construction, permitting the removal of any civil action commenced or removed on or after the date of enactment. The reading it advocates is nonsensical, since every action that could be removed must have been previously commenced.[3] To date, two of our sister circuits have considered the question of when a suit "commences" for the purposes of CAFA's Section 9 and have reached the same conclusion we reach here. In *Pritchett v. Office Depot, Inc.*,

___

[3]We decline to adopt the approach typified by *Lorraine Motor, Inc. v. Aetna Casualty and Surety Company*, 166 F. Supp. 319 (E.D.N.Y. 1958). In that case, Congress had recently amended the diversity statute, 28 U.S.C. § 1332, to increase the amount-in-controversy requirement from $5,000 to $10,000. The district court held that an action removed after the effective date of the amendments — irrespective of whether the case was filed before or after the effective date — must satisfy the higher amount-in-controversy requirement. *But see Kieffer v. Travelers Fire Ins.*, 167 F. Supp. 398 (D. Md. 1958) (rejecting the approach taken in *Lorraine Motor*). The *Lorraine Motor* rule thus made it more difficult to remove state cases, a result consistent with the purpose of the amendments. In CAFA, Congress has made it easier to remove state class actions to federal court. Section 9 is sufficiently plain that we need not wrench its language in order to permit even more cases to be removed.

420 F.3d 1090 (10th Cir. 2005) (amended opinion), the Tenth Circuit observed that a cause of action is traditionally

> commenced when it is first brought in an appropriate court . . . . When a matter is removed to a federal court, it is not traditionally viewed as recommenced, nor as a new cause of action. . . . Although there exist some unique circumstances in which some action other than filing a complaint in court is deemed to "commence" a lawsuit . . . we view these situations as exceptions to the general federal rule that a lawsuit is commenced at a discrete moment in time: the filing of the original complaint in a court of competent jurisdiction.

*Id.* at *2 (citations omitted).

In *Knudsen v. Liberty Mutual Insurance Co.*, 411 F.3d 805 (7th Cir. 2005), the Seventh Circuit followed the Tenth Circuit's approach in *Pritchett*. The Court held that the notice of removal itself does not commence a new case because "[e]quating filing with commencement is the norm in civil practice." In a second case, on facts nearly identical to those presented here, the Seventh Circuit repeated that " 'commenced' indeed means 'filed' rather than 'removed.' " *Pfizer, Inc. v. Lott*, 417 F.3d 725,726 (7th Cir. 2005). *See id.* (suit filed day before CAFA became effective). The court further noted that

> [W]hile it is true that the proceeding in federal court was "commenced" by the filing of the removal petition, that filing was not the beginning of the suit. For what was removed was the suit that had been brought in the Illinois state court, and under Illinois law the filing of the complaint had "commenced" the suit. Nothing changed except the forum. The principle is recognized in decisions involving the transfer of cases that were filed in the wrong forum initially;

the transfer does not commence a new suit for purposes of deciding whether the suit is timely. Moreover, were [defendant-appellant's] reading adopted, we would have to rewrite the statute in order to create an exception for cases such as *Knudsen* and *Pritchett* in which the removed suit had been filed more than 30 days before removal. That necessity suggests that [defendant-appellant's] reading is incorrect. The injustice of which it complains is not so great as to justify radical judicial surgery on the statute.

*Id*. The federal district courts that have recently considered the meaning of "commencement" in conjunction with CAFA have all reached similar results. *See, e.g.*, *In re Expedia Hotel Taxes and Fees Litig.*, 377 F. Supp.2d 904 (W.D. Wash. 2005); *Lander and Berkowitz, P.C. v. Transfirst Health Servs. Inc.*, 374 F. Supp.2d 776 (E.D. Mo. 2005); *Natale v. Pfizer*, 379 F. Supp.2d 161 (D. Mass. 2005).

**[7]** We also reject Cheaptickets' assertion that when the action "commenced" may also refer to when service of process was perfected. There is no basis in the Act or statutory scheme for this claim. Under § 1453(b), a class action may be removed in accordance with the procedures described in § 1446. Section 1446(b) provides that the notice of removal must be filed within thirty days of the defendant's receipt "through service or otherwise" of the complaint, or within thirty days of the service of a summons, whichever period is shorter. *See Murphy Bros.*, 526 U.S. 347-48 (clarifying that receipt "through service or otherwise" means formal service and not through service of a courtesy copy of the complaint). Section 1446(b) has no bearing on when an action is commenced under CAFA. Cheaptickets has conflated when CAFA is effective, which is addressed in Section 9 of the Act, with when an action may be removed, which is covered in § 1446.

The second paragraph of § 1446(b) provides for removal in those cases where the action could not have initially been removed, but became removable because the complaint has been amended. The rule specifies that, in any event, a case may not be removed "more than 1 year after *commencement of the action*." 28 U.S.C. § 1446(b) (emphasis added). "Commencement" in this context refers to when the action was initiated in state court, according to state procedures. As the Eighth Circuit observed in *Canon v. Kruger Co.*, 837 F.2d 660, 664 (8th Cir. 1988), for purposes of the one-year limitation on removal specified in the second paragraph of § 1446(b), it is "clear that a federal court must honor state court rules governing commencement of civil actions when an action is first brought in state court and then removed to federal court, even though the cause of action arises from federal law." *See also Cofer v. Horsehead Research and Dev. Co.*, 805 F. Supp. 541 (E.D. Tenn. 1991) (surveying decisions on point, concluding that the great majority of federal courts look to state court rules on commencement for purposes of determining whether one-year has passed for purposes of § 1446(b) removal, and declining to follow the minority approach of triggering commencement upon service); *Perez v. General Packer, Inc.*, 790 F. Supp. 1464 (C.D. Cal. 1992) (concluding that with the exception of two federal district courts, "all other courts addressing this issue have found that a case, for purposes of § 1446(b), 'commences' when it is filed in state court. In removal cases the timing of 'commencement' is controlled by the law of the state in which the action originated.").

Finally, Cheaptickets contends that to read CAFA as precluding its ability to remove will lead to unanticipated and undesirable results where state procedure allows for significant lapse of time between filing in state court and service upon a defendant. Thus, Cheaptickets argues, an action may be commenced by filing on February 17, 2005 (before the effective date of the Act), but the complaint may not be

served for months, or even years,[4] and yet the action cannot be removed. These are largely hypothetical worries — we are not aware of any actions that fall in this category. In any event, they concern only actions that were filed before February 18, 2005, and will shortly phase themselves out.

## IV. CONCLUSION

**[8]** Bush filed his suit in California state court on February 17, 2005. He therefore "commenced" the suit one day before CAFA was effective. We therefore affirm the order of the district court remanding the suit to state court.

AFFIRMED.

---

[4]Cheaptickets points to the procedures in Montana and Idaho as (presumably the most extreme) examples of state jurisdictions in the Ninth Circuit where a class-action plaintiff may delay service on actions commenced prior to February 18, 2005 to deprive the defendants in such actions of federal removal jurisdiction. *Compare* MONT. R. CIV. P. 3 ("A civil action is commenced by filing a complaint with the court.") *with* MONT. CODE ANN., Ch. 20, Rule 4E (2004) ("A plaintiff shall have 3 years after filing a complaint to have a summons issued and accomplish service."); *compare also* IDAHO R. CIV. P. 3(a)(1) ("A civil action is commenced by the filing of a complaint with the court . . . .") *with* IDAHO R. CIV. P. 4(a)(2) (allowing up to six months from the filing of a complaint within which to effectuate service). At worst, then, any plaintiff class advantages inherent in state commencement procedure will have an end in this Circuit on February 18, 2008 at the latest.